# In the United States Court of Federal Claims

(Pro Se)

|  |  |  |
|---|---|---|
| DEBRA BONILLA MEAD, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | No. 18-1904C |
| v. | ) | (Filed: February 19, 2019) |
| | ) | |
| THE UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |
| | ) | |

## ORDER

Before the Court is Plaintiff's Memorandum to Show Cause ("Memorandum"). Docket No. 7. Plaintiff filed the Memorandum in response to the Court's January 18, 2019 show cause order, wherein it directed Plaintiff to show why the Court should not dismiss her case pursuant to RCFC 41(b) for failure to comply with the Rules of this Court. Docket No. 5. In the Memorandum, Plaintiff characterizes the present action as an "appeal" and asserts no filing fee is required because she paid the filing fee in the "FDC Maryland Greenbelt," and "assume[d] the Certified Court Record has been transmitted to this appellate level." Mem. at 2. Plaintiff also cites RCFC 3.1(a)(3) in support of her contention that no fee is required. Id. However, Rule 3.1(a) concerns transferred cases and is therefore inapplicable to the present action because it was not transferred from another court. See RCFC 3.1(a) (entitled "Transfer From Another Court").

Contrary to her apparent belief, Plaintiff's case is neither an appeal nor was it transferred from another court.[1] Her complaint was filed as a separate and freestanding action, and—as stated in the Court's previous order—she is thus required to either pay a filing fee or file an application to proceed in forma pauperis. Plaintiff has done neither, nor has she satisfied the Court that her case should not be dismissed for failure to comply with the Rules of the Court of Federal Claims. Accordingly, her complaint will be dismissed pursuant to RCFC 41(b).

---

[1] The Court observes that even if Plaintiff had successfully paid the required filing fee or had been allowed to proceed in forma pauperis, to the extent Plaintiff's complaint asks this Court to review actions taken by a Maryland federal and/or state court, it lacks the power to do so. See McDermott v. United States, 130 Fed. Cl. 412, 413–14 (2017) (citing Colbert v. United States, 617 F. App'x 981, 983 (Fed. Cir. 2015)).

Finally, the Court is in possession of a purported "Third Party Motion to Intervene to Grant a Miscarriage of Justice" filed by George Edward McDermott.[2] In light of Plaintiff's failure to comply with the Rules of the Court and the resulting dismissal of her case, the Clerk of Court is directed to return Mr. McDermott's purported motion to him unfiled.

For the reasons discussed above, Plaintiff's complaint is **DISMISSED with prejudice** for failure to comply with the Rules of this Court, pursuant to RCFC 41(b). The Clerk is directed to enter judgment accordingly. Each side shall bear its own costs.

**IT IS SO ORDERED.**

ELAINE D. KAPLAN
Judge

---

[2] In 2017, Mr. McDermott filed a complaint in this court seeking, among other things, an injunction against the "U.S. District Court for the District of Columbia and Maryland state court." McDermott, 130 Fed. Cl. at 413. That complaint was dismissed for lack of subject-matter jurisdiction. Id. at 413–14.